UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                :

PRINCE D.M. MUHAMMAD,             :

                Plaintiff,       :

-against-                          :

STEVE RABINOWITZ, L.C.S.W., et al.,  :

              Defendants.     :

-------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-6-12

OPINION & ORDER

11 Civ. 2428 (HB)

**HAROLD BAER, JR., United States District Judge**[1]**:**

      Plaintiff Prince D.M. Muhammad ("Plaintiff"), proceeding *pro se*, brings this action for civil rights violations against Kirby Forensic Psychiatric Center ("Kirby") Executive Director Steve Rabinowitz, retired former Kirby Executive Director Eileen Consilvio, New York State Office of Mental Health retired former Associate Commissioner for Forensic Services Richard Miraglia, Dr. Stuart M. Kirschner, Dr. Charles Smith, Dr. Paul Amble, Dr. Renate C. Wack, Dr. Veena Garyali, Dr. Alina Gonzales Mayo, Dr. Ilene Zwirn, Dr. Sofija Mrksic, Dr. Benjamin Chukwuocha, Dr. Anthony Lanotte, and Dr. Sheku Magona (collectively "Defendants"). Plaintiff alleges (1) that Defendants forced Plaintiff to take certain medications, (2) that the administration of such medications resulted in Plaintiff's contraction of glaucoma and diabetes, and (3) that Plaintiff was subjected to physical abuse when he refused to take the medications. Defendants have moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

      The following facts are taken from Plaintiff's complaint and are assumed to be true for the purposes of this motion to dismiss. Plaintiff alleges that "from 1994 up until 2011," while a patient

---

[1] Samuel Coe, a third-year student at Brooklyn Law School and a Spring 2012 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

in the custody of Kirby, he was "beaten an[d] forced to take their medications." Compl. at 3.[2] Plaintiff further alleges that, as a result of the forcible administration of these medications, he has contracted "glaucoma and diabetes." *Id.* at 3.   Plaintiff alleges that these maladies have led to increasing blindness, difficulty walking due to swelling in his right leg, and imminent death. *Id.*

Plaintiff filed his original complaint on April 1, 2011. On October 11, 2011, Defendants filed a motion to dismiss the complaint. On October 31, 2011, Plaintiff submitted a letter to the Court in opposition. On November 15, 2011, Defendants submitted a reply also by way of a letter to the Court.

## II. DISCUSSION

**A.     Legal Standard for a Motion to Dismiss**

A complaint must be dismissed under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal on this ground, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific task" that requires application of "judicial experience and common sense." *Id.* at 1950. For the purposes of a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in the non-movant's favor. *Roth v. Jennings*, 489 F.3d 499, 504 (2d Cir. 2007). Moreover, because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings and interpret them to raise the strongest arguments they suggest. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a handwritten *pro se* civil rights complaint could be dismissed for failure to state a claim only if it appeared beyond doubt that plaintiff could prove no set of facts in support of claim which would entitle him to relief); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

---

[2] The medications Plaintiff alleges that he was forced to take by Defendants are Clozaril, Rosperidone, Serentil, Prolixin, Clozapine, Haldol, Zoloft, Mellaril, Haloperidol, Paxil, Ambien, Effexor, Olanzapine, Depakote, Lithium, Geodone, Fluphenazine, Seroquel, Propanolol, Trilafon, Serzon, Lorazepam, Navane, Thorazine, and Nortriptyline. Compl. at 7.

Defendants' motion to dismiss identifies four principal reasons why the amended complaint should be dismissed: (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Plaintiff does not allege facts making out a violation of any constitutional right or law of the United States; (3) three defendants were not personally involved in the alleged deprivation of Plaintiff's rights; and (4) Defendants are entitled to Eleventh Amendment immunity and qualified immunity.

## B.    Statute of Limitations

In New York, the statue of limitations for claims brought under 42 U.S.C. § 1983 is governed by New York Civil Practice Law and Rules § 214(5), which provides a three year statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235 (1989); *Ormiston v. Nelson*, 117 F.3d 69 (2d Cir. 1997). Being that Plaintiff filed the Complaint on April 1, 2011, the operative date for statute of limitations purposes is April 1, 2008.

Defendants assert that Plaintiff's claims arising before April 1, 2008, are barred by the statute of limitations. Defs.'s Mem. in Support of Mot. to Dismiss the Compl. (Defs.' Supp.) 4. Defendants further contend that Plaintiff has not alleged facts to support a claim that arises from acts allegedly occurring since April 1, 2008, and that Plaintiff's Complaint should, therefore, be dismissed in its entirety. *Id.* at 5. However, Plaintiff alleges that Defendants' acts took place throughout the period "from 1994 up until 2011." Compl. at 3. Contrary to Defendants' position, the fact that Plaintiff has not provided specific dates of the alleged misconduct does not render the Complaint deficient. *Soto v. Iacavino*, No. 01 Civ. 5850(JSM), 2003 WL 21281762, at *1 (S.D.N.Y. June 4, 2003) ("[L]ittle purpose would be served by requiring Plaintiff to replead to allege [specific] dates. If, at the close of discovery, it appears that certain claims are time barred, Defendants can then move for summary judgment."); *see also Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) ("It may be tempting to dismiss a complaint that fails to provide specific dates when their inclusion could show that the complaint should be dismissed—for example, because the applicable statute of limitations bars the claim. But inclusion of a specific date may not be necessary to state a claim if the complaint alleges sufficient detail about an event to identify it."); *Coades v. Jeffes*, 822 F. Supp. 1189 (E.D. Pa. 1993) (holding that the lack of specific dates of misconduct did not preclude the complaint from providing a "'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and

3

the grounds upon which it rests.'" (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)). Defendants' statute of limitations argument must therefore be construed to apply only to those acts alleged to have occurred before April 1, 2008, and not to the complaint as a whole. Such acts will indeed be barred by the applicable statute of limitations unless there are grounds for an exception.

The only exception to the statute of limitations bar that Defendants' address in their motion to dismiss is the continuing violation doctrine.[3] This doctrine allows a plaintiff to recover for wrongdoing occurring beyond the time allowable by the statute of limitations if such wrongdoing is linked to more recent misconduct. "Where the challenged violation is a continuing one, the staleness concern disappears." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982). A claim will continue to absorb new wrongful acts as long as a defendant perpetuates its misconduct where such misconduct is so closely related to other violations that it can be seen as part of a continuing practice. *Havens Realty*, 455 U.S. at 380–81; *Annis v. Cnty. of Westchester*, 136 F.3d 239, 246 (2d Cir. 1998). Defendants argue that the continuing violation doctrine does not apply, relying on their position that Plaintiff has not alleged that any wrongful acts have occurred within the period permitted by the statute of limitations which is a prerequisite for applying the doctrine. As previously discussed, Plaintiff has indeed alleged that wrongful acts have occurred within the statutory period. However, the doctrine is nevertheless inapplicable where, as here, "the plaintiff challenges conduct that [consists of] discrete unlawful act[s]," *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 117 (2002), or where each alleged wrongful act is a "freestanding violation." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 627 (2007). Even if Plaintiff were to look to the adverse effects of the medications he was given in the past, "[c]ontinuing

---

[3] The Court has also considered the doctrines of equitable tolling and equitable estoppel. Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). For mental impairment to justify equitable tolling, the party invoking the doctrine must show that "he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps." *Rios v. Mazzuca*, 78 F. App'x 742 (2d Cir. 2003). Plaintiff has not demonstrated that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Even if Plaintiff had been so pursuing his rights, he has not demonstrated that his mental illness is of a severity that would warrant equitable tolling of the statute of limitations.

Equitable estoppel bars a defendant from relying on a statute of limitations when the defendant's own actions have prevented a plaintiff from timely bringing suit. *Whitney Holdings, Ltd. v. Givotovsky*, 988 F. Supp. 732 (S.D.N.Y. 1997). While such a claim is readily conceivable in the context of a plaintiff who is detained at a mental health facility, Plaintiff has not made any allegations to this effect.

violations are occasioned by continuing unlawful acts, not by continued ill effects from an original violation." *Deepwells Estates Inc. v. Inc. Vill. of Head of Harbor*, 973 F. Supp. 338, 346 (E.D.N.Y. 1997) (internal quotation marks omitted). Therefore, any instances of the alleged misconduct that occurred before April 1, 2008, are barred by the applicable statute of limitations.

## C. Failure to Allege Facts Making Out a Claim

Section 1983 provides relief for a plaintiff deprived of "rights, privileges, or immunities secured by the Constitution and its laws." 42 U.S.C. § 1983. The statute is not itself a source of substantive rights, but rather a mechanism for vindicating federal rights elsewhere conferred by the Constitution and federal statutes. *See Campbell v. City of New York*, No. 06 Civ. 4743 (HB), 2010 WL 2720589, at *6 (S.D.N.Y. June 30, 2010). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The fact that Plaintiff has not cited specific constitutional rights or doctrines does not, in and of itself, render the complaint deficient so as to warrant dismissal. The complaint must simply provide enough detail and information to enable the defendant to respond. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The far greater concern, as expressed in *Twombly*, is insufficient factual allegations, rather than a lack of legal specificity. Here, Defendants have been adequately put on notice as to the basis of the Plaintiff's claims against them.

### 1.    Administration of Medications Over Plaintiff's Objection

A person confined by the State, even if mentally ill, has a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221–22 (1990). As described above, Plaintiff alleges that he was given numerous medications over his express objection continually over a period of eighteen years. Defendants acknowledge that Plaintiff makes out a colorable claim in this regard, but contend that they were: (1) authorized to administer medication over Plaintiff's objection for a portion of the time in question by court order; and (2) they were otherwise authorized to give "emergency treatment at any time . . . to avoid serious harm to patients themselves or others." Defs.' Supp. 7–8 (citing 14 N.Y. Comp. Codes R. & Regs. § 527.8). The court order is of no consequence as any claims alleged to arise during the time

5

period it covers are otherwise barred by the applicable statute of limitations.[4] As for "emergency treatment," Defendants assert that Plaintiff has failed to allege that no such emergency circumstances existed. This argument misplaces the burdens at this stage of the case. *See Kulak v. City of New York*, 88 F.3d 63, 74 (2d Cir. 1996) (affirming district court's grant of summary judgment where the decision to medicate "was a proper exercise of [the physician's] professional judgment and comported with the requirements of § 527.8(c)(1)); *Vanbrocklen v. Gupta*, No. 09-CV-00897(A)(M), 2010 WL 5575325, at *5–6 (W.D.N.Y. Nov. 23, 2010) (discussing on a motion for summary judgment "whether there was an adequate basis to treat [the plaintiff] over his objection" under § 527.8); *Lombardo v. Stone*, 99 CIV 4603 SAS, 2001 WL 940559 (S.D.N.Y. Aug. 20, 2001) (same); *see also Nyenekor v. Noel*, No. 08 Cv. 11090(BSJ)(HBP), 2009 WL 2170205, at *2–3 (S.D.N.Y. July 13, 2009) (denying plaintiff's motion for a temporary restraining order against his forcible medication); Doe v. Dyett, 84 CIV. 6251 (KMW), 1993 WL 378867 (S.D.N.Y. Sept. 24, 1993)(holding that plaintiff failed to establish at trial "that he suffered any constitutional deprivation resulting from his involuntary medication"). Plaintiff has alleged sufficient facts—including the facility where he was located, the individuals involved, the period of time over which the violations occurred, the medications administered, and his express objection—to support a claim of involuntary administration of medication against Defendants under the Due Process Clause of the Fourteenth Amendment.

### 2.    Alleged Physical Abuse

Physical force used to restrain a person in custody is violative of the Eight Amendment when "the measure taken inflicted unnecessary and wanton pain and suffering," which "turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley v. Albers*, 475 U.S. 312, 320–21, (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied sub nom.*,

---

[4] The court order and subsequent stipulation authorized the involuntary treatment of Plaintiff during the period from November 7, 2004 to August 10, 2007. *The Matter of the Application of Christina Musat, M.D.*, N.Y.Sup.Ct., New York County, index no. 530100-95 (order dated 11/17/04) (stipulation dated 08/10/06) (unpublished). While such a prior court order falls outside the bounds of the Complaint, matters of which judicial notice may be taken are appropriately considered in ruling on a motion to dismiss under Rule 12(b)(6). *Gary Alan Green & Broadway Sound & Video, Inc. v. Jackson*, 36 F.App'x 663 (2d Cir. 2002) (taking judicial notice of New York state court order in an appeal from the dismissal of the plaintiff's Section 1983 claims pursuant to Rule 12(b)(6)). Even in the absence of a statute of limitations bar, Plaintiff's claims relating to the forcible administration of medication during the time period and relating to medications authorized by that court order and subsequent stipulation would be dismissed. *See* Jelich v. Hogan, 09CIV3278(BMC), 2009 WL 3497495, at *3 (E.D.N.Y. Oct. 27, 2009).

*John v. Johnson*, 414 U.S. 1033 (1973)). Just as with his Due Process claim, Plaintiff has alleged sufficient facts to suggest, at this stage of the litigation, that he was subjected to beatings when he resisted the forcible administration of those medications listed above.

**D. Lack of Personal Involvement**

Defendants contend that Plaintiff fails to allege facts showing that Defendants Miraglia, Rabinowitz, and Consilvio were personally involved in the alleged deprivations. Liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). However, "a defendant who occupies a supervisory position may be found personally involved [when,] . . . after learning of the violation . . . , [he or she] failed to remedy the wrong[,] . . . he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue[, or]...if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event." *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citing *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986)). "In addition, supervisory liability may be imposed where an official demonstrates 'gross negligence' or 'deliberate indifference' to the constitutional rights of inmates by failing to act on information indicating that unconstitutional practices are taking place." *Wright*, 21 F.3d at 501 (citing *McCann v. Coughlin,* 698 F.2d 112, 125 (2d Cir. 1983); and *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989)).

Plaintiff describes the Defendants as the "Commissioner of Mental Health and the Directors of Kirby an[d] all of the psychiatrists and doctors that made me take the medications." (internal quotations and emphasis omitted). Compl. at 5. This would suggest that the directors are included in the suit because of their positions and all other doctors have been included because of their direct involvement in the administration of the medications. However, Plaintiff also alleges that he communicated his unwillingness to take medications to the directors. Compl. at 3. Although it seems unlikely that such an interaction between Plaintiff and these director Defendants took place, liberally construing Plaintiff's complaint and interpreting it to raise the strongest arguments it suggests, Plaintiff has alleged facts plausibly suggesting that defendants Miraglia (retired former Associate Commissioner for Forensic Services), Rabinowitz (Kirby Executive Director), Consilvio (retired former Kirby Executive Director) and other director defendants,

while not personally involved in the actual physical administration of the medications, were aware of the alleged conduct and were either grossly negligent in their supervision of Kirby doctors and personnel, aware of the violations and failed to remedy the wrong, deliberately indifferent or condoned the alleged unconstitutional conduct. *Cf. Fominas v. Kelly*, 739 F. Supp. 139 (W.D.N.Y. 1990) (holding that "[s]upervising official may be personally involved in constitutional deprivation by failing to remedy wrong after learning of it," where the plaintiff-prisoner complained to the prison superintendent about the actions of one of the corrections officers toward him); *Hawkins v. Brooks*, 694 F. Supp. 2d 434 (W.D. Pa. 2010) (holding that *pro se* state prisoner's assertions that she made supervisory prison officials aware of the [unlawful acts] she allegedly suffered at the hands of correctional officers . . . [was] sufficient to state claim for supervisory liability in Section 1983 retaliation action). Plaintiff has adequately alleged that all other non-director defendants were personally involved in the alleged deprivation of his rights, to the extent the named doctors ordered the administration of the medications Plaintiff has listed.

**E. Immunity**

Defendants assert both Eleventh Amendment immunity and qualified immunity. Claims for damages against state employees in their official capacities are deemed to be claims against the state itself and are barred by the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dube v. State Univ. of New York*, 900 F.2d 587, 594–95 (2d Cir. 1990). Therefore, Plaintiff's claims against Defendants in their official capacities are dismissed.

As for Plaintiff's claims against Defendants in their personal capacities, in Section 1983 actions, "[p]ublic officials are entitled to qualified immunity from claims for damages if (1) their conduct did not violate federal statutory or constitutional rights that were clearly established at the time, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Brown v. City of Oneonta*, 106 F.3d 1125, 1130–31 (2d Cir. 1997); *see also Saucier v. Katz*, 533 U.S. 194 (2001); *Anderson v. Creighton*, 483 U.S. 635, 638–39 (1987). While qualified immunity is not completely inappropriate for Defendant to raise at this juncture, it is treacherous to address such Constitutional questions and "reasonableness" determinations without the development of any factual record whatsoever. However, Plaintiff's allegations constitute violations of clear, long-standing Constitutional rights that had been recognized well

8

before the time period identified in the Complaint. *See Harper*, 494 U.S. at 221–22; *Whitley*, 475 U.S. at 320–21. No reasonable official could believe otherwise. Therefore, there is no basis for shielding Defendants from individual and personal liability by way of qualified immunity at this point.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part with regard to all claims occurring before the time permitted by the applicable statute of limitations, and all claims against Defendants in their official capacities. Defendant's motion is otherwise denied. In addition, the Pro Se Office is directed to seek *pro bono* counsel for Plaintiff. *See* 28 U.S.C. § 1915(e)(1). Given Plaintiff's apparent mental state and circumstances and the nature of Plaintiff's claims, he is severely limited in his ability to investigate crucial facts and present his case. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed *pro se.* The Clerk of the Court is instructed to close the motion.

SO ORDERED.

New York, New York
April 5 , 2012

HAROLD BAER, JR.
United States District Judge

9